IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

OLANDO DESHUN GRAY                                                                                    PLAINTIFF

v.                                            Civil No. 1:16-cv-01092

CARLA GIBSON, Deputy Prosecuting
Attorney; VICKY COOPER, Court
Appointed Attorney; and
ROBIN CARROLL, Judge Union County                                                          DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Olando Deschun Gray filed this case *pro se* pursuant to 42 U.S.C. § 1983 on November 8, 2016. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before me is the issue of preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### BACKGROUND

According to the Complaint, Plaintiff has been incarcerated in the Union County Detention Center ("UCDC") in El Dorado, Arkansas since November 20, 2015. He claims "I'm bein violated of my fast and speedy trial right. I've been locked up over an year and still in jail when I'm supose to been released upon an o.r. bond". ECF No. 1. Plaintiff has named the following Defendants in this lawsuit: Union County Circuit Judge Robin Carroll, Plaintiff's court appointed attorney Vicky

Cooper, and Deputy Prosecuting Attorney Carla Gibson.  ECF No. 1.  On November 30, 2016, Plaintiff filed a Supplement to his Complaint.  ECF No. 7.

Plaintiff claims Judge Carroll wrongfully denied a review of his criminal case resulting in his lengthy incarceration while awaiting trial.  With respect to his public defender Vicky Cooper, Plaintiff claims she failed to get him a bond reduction and refused to listen to Plaintiff's instructions regarding his criminal case. Finally, Plaintiff claims prosecuting attorney Carla Gibson refused to give Plaintiff bond and has not presented any evidence in a year to convict him of any crime.  ECF No. 1.  Plaintiff reiterates in his Supplement the allegations in the Complaint and states "And I strongly believe that one reason could be that their holding me is cause of the lawsuit I have against this jail and the jail doctor already and if so that retaliation!"  ECF No. 7.  I'm innocent and their forcing me to do time and this is violating my rights."  ECF No. 7.[1]

## APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law.  *See West v. Atkins,* 487 U.S. 42, 48 (1988).

---

[1] The pending lawsuit mentioned by Plaintiff appears to be Case No. 1:16-cv-01012 filed on February 5, 2016.  The case was consolidated with another case filed by Plaintiff – Case No. 1:16-cv-01022 filed on March 30, 2016.

**DISCUSSION**

With respect to Circuit Judge Carroll, judges are generally immune from lawsuits. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994) (judges are generally immune from suit for money damages); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability."). Judicial immunity is only overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction") (internal citations omitted). Plaintiff has failed to allege any action by Judge Carroll was non-judicial or taken without jurisdiction. In fact the actions alleged by Plaintiff complain of Judge Carroll's acts in his capacity as judge. Accordingly, Judge Carroll is immune from suit.

In addition, Plaintiff's court appointed public defender Vicky Cooper is not subject to suit under § 1983. A § 1983 complaint must allege each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir.1999). Defendant Cooper was not acting under color of state law while representing Plaintiff in his criminal proceeding. *Polk County v. Dodson,* 454 U.S. 312, 324 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings."). Accordingly, Plaintiff has failed to state cognizable claims under § 1983 against Vicky Cooper.

Plaintiff's claims against Carla Gibson, the deputy prosecuting attorney in his criminal case, also fail because prosecuting attorneys are immune from suits filed under 42 U.S.C. § 1983. In *Imbeler v. Pachtman*, the United States Supreme Court established absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." 424 U.S. 409, 431 (1976). This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that a prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity).

Finally, in his Complaint and Supplement Plaintiff appears to be challenging the validity of his criminal charges, denial of bond, and the fact he is still confined on the charges while awaiting trial. ECF No. 1. Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement). Accordingly, Plaintiff's claims regarding his confinement in the UCDC and his claims relating to the validity of his criminal charges fail to state cognizable claims under § 1983.

## CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** with prejudice against all Defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). I also recommend this dismissal be counted as a strike for purposes of 28 U.S.C. § 1915(g).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      **DATED this 6th day of December 2016.**

                                                <u>/s/ Barry A. Bryant</u>
                                                HON. BARRY A. BRYANT
                                                UNITED STATES MAGISTRATE JUDGE